19321—Bernette Z. Espel v. Cincinnati Walnut Theatre Amusement Co. Motion to dismiss petition in error as of right. Sustained. Dock. 8-13-25; 3 Abs. 514; OS. Pend. 3 Abs. 583.

19321—Bernette Z. Espel v. Cincinnati Walnue Theatre Amusement Co. Motion for Hamilton Appeals to certify. Overruled. Dock. 8-13-25; 3 Abs. 514. OS. Pend. 3 Abs. 583.

19331—Minnie Gertz, Admx., et al, v. Henrietta Varwig. Motion for Mercer Appeals to certify. Overruled. Dock. 8-17-25; 3 Abs. 530; OS. Pend. 3 Abs. 581.

19336—Godfrey Lenthold v. G. W. Pfleiderer. Motion for Crawford Appeals to certify. Overruled. Dock. 8-25-25; 3 Abs. 546.

19337—Godfrey Lenthold v. E. W. Pfleiderer. Motion for Crawford Appeals to certify. Overruled. Dock. 8-25-25; 3 Abs. 546.

19341—Sigfried Sommerfield v. State of Ohio. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 8-26-25; 3 Abs. 546.

19361—Earl D. Rockey v. Clara F. Rockey. Motion for Geauga Appeals to certify. Overruled. Dock. 9-24-25; 3 Abs. 610; OS. Pend. 3 Abs. 663.

19371—Joe Henry et al. v. Silas E. Gilbert, Treas. Motion for Gallia Appeals to certify. Overruled. Dock.

19373—Walter Drake v. Albert S. Fishel. Motion for Trumbull Appeals to certify. Overruled. Dock.

19374—City of Dayton, Ohio, v. S. S. Kresge Co. of Dayton, O. Motion for Montgomery Appeals to certify. Allowed. Dock. 10-9-25; 3 Abs. 658.

19377—David J. Lewis et al. v. Daniel C. Jenkins et al. Motion for Perry Appeals to certify. Overruled. Dock. 10-9-25; 3 Abs. 658.

19389—Aaron Hill v. Jacob Burns. Motion for Vinton Appeals to certify. Overruled. Dock. 10-20-25; 3 Abs. 674; OS. Pend. 3 Abs. 765.

19391—Baltimore & Ohio R. R. Co. v. Scott E. Gillmore. Motion for Lorain Appeals to certify. Overruled. Dock. 10-21-25; 3 Abs. 674; OA. 3 Abs. 702.

19395—Youngstown & Suburban Ry. Co. v. Mabel Faulk. Motion for Mahoning Appeals to certify. Allowed. Dock. 10-26-25; 3 Abs. 674.

19400—Abraham B. Katz v. Raymond Stotter. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 11-2-25; 3 Abs. 690; OS Pend. 3 Abs. 758.

19421—Thomas D. Huntington et al. v. Richard R. MacMahon et al. Motion for Franklin Appeals to certify. Overruled. Dock. 11-14-25; 3 Abs. 722.

## SYLLABI

### No. 14

No. 19064—A. M. Braun, et al v. Anna Averdick. Error to the Court of Appeals of Hamilton County.
JONES, J.

829. NEGLIGENCE—Where owner of truck loans same together with services of driver, to charitable institution no control being exercised by owner, and accident occurs, doctrine of respondeat superior does not apply.

An owner of a truck loaned it to a charitable organization solely for its use and benefit. At the instance of the latter the driver of the truck was permitted by the owner to operate it at the time of the accident under the direction of the organization. The owner exercised no control over the driver, either in requiring him to perform the special service or in the manner of its performance. HELD:—The rule respondeat superior does not apply, nor does such owner become liable for the negligent acts of the driver while pursuing such special engagement for said organization.

Judgment reversed.

Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

### No. 15

No. 19326—W. O. Small v. Public Utilities Commission. Error to the Public Utilities Commission.

1192. TRANSPORTATION—1. Where certificate of convenience and necessity cannot be revoked on ground of abandonment.

2. Verbal promise by holder of certificate to transfer must be approved by Commission before becoming enforceable.

MARSHALL, C. J.

1. Where an operator of motor transportation service under a certificate of convenience and necessity leases motor equipment from a third party and constitutes such third party his fiscal agent giving him authority to collect all the receipts of such operation and to retain for his services and for rental of motor equipment a stipulated sum of money and after payment of all operating expenses including such per diem to pay the balance of the proceeds of operation to the holder of the certificate and the balance is so paid and out of such balance the operator pays taxes and premiums of indemnity insurance and there is no cessation or interruption of service and the service is at all times efficient, it is error on the part of the public utilities commission to order a revocation of such certificate on the ground of abandonment.

2. A verbal promise by a holder of a certificate of convenience and necessity to transfer such certificate to a third party at a further time is not enforceable without the approval of the commission and does not constitute good grounds for revocation of the certificate.

Order reversed.

Jones, Matthias, Day, Allen and Kinkade, JJ., concur. Robinson, J., not participating.

### No. 16

No. 19099—In Re Dissolution of The Sentinel Publishing Company, John T. Maidlow and A. P. Sandles vs The Sentinel Publishing Co., et al. Error to the Court of Appeals of Putnam County.

313. CORPORATIONS—Dissolution not authorized when solvent, and not for best interest of stockholders.

KINKADE, J.

Section 11938, et seq., General Code, do not authorize the dissolution of a corporation by an order of court when the corporation is solvent and when the dissolution will not be for the best interest of the stockholders.

Judgment affirmed.

Marshall, C. J., Jones and Day, JJ., concur. Robinson, J., not participating.

### No. 17

No. 19263—The Cincinnati Traction Company v Public Utilities Commission of Ohio. Error to the Public Commission of Ohio.

216. CERTIFICATE—Of public conveniences and necessity granted to transportation company for reason that it was operating in good faith at earlier date, confirms no greater